**MADE RITE INVESTMENT CO.,**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**MADE RITE TRANSPORTATION CO.,**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**MADE RITE MANUFACTURING CO.,**
**Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 20117–20119.**

United States Court of Appeals
Ninth Circuit.

Feb. 28, 1966.

---

**648**

Wayne Hea, of Hea & Anderson, San Francisco, Cal., for petitioners.

Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Richard J. Hei-man, J. Edward Shillingburg, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

PER CURIAM:

Petitioners seek review of a decision of the Tax Court upholding the Commissioner in disallowance of corporate income tax exemptions and deductions for the years 1956 through 1959. Petitioners are three of four corporations organized for the purpose of taking over various phases of what theretofore had been a single business enterprise operating as a partnership. Multiple surtax exemptions were disallowed under section 269 of the Internal Revenue Code of 1954 because the Tax Court found that the principal purpose for the organization of the three petitioner corporations rather than a single corporation was the avoidance of income taxes. Salary deductions were disallowed because the Tax Court found that reasonable compensation for certain employees during 1956 and 1957 was less than the amounts which were deducted by the taxpayers. This appeal raises two issues.

1. Was the Tax Court correct in its determination that the principal purpose for the organization of the three corporations was the avoidance of tax?

2. Was the Tax Court correct in its determination of the amounts representing reasonable compensation paid to officers and employees of Investment and Transportation during 1956 and 1957?

Both issues are factual in nature, and hence the question on review is whether the Tax Court's findings were clearly erroneous. The Tax Court in its opinion, reported sub nom., Dillier v. Comm'r, 41 T.C. 762 (1964), carefully considered and weighed the business purposes asserted by petitioners as reasons for setting up four corporations, and dealt with the proof (and lack of it) that the salaries allowed by the several corporate

taxpayers were for personal services actually rendered to the taxpayer.

In both respects we are satisfied that the findings of the Tax Court are not clearly erroneous.

Affirmed.